UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

COTTRELL STEWART,

                Petitioner,

-against-

NEW YORK DEP'T OF CORRECTIONS,

                Respondent.

**MEMORANDUM & ORDER**

**10-CV-5629 (NGG)**

----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

    Petitioner pro se Cottrell Stewart ("Stewart") brings this petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his 1992 conviction in New York Supreme Court, Richmond County, for sexual abuse in the first degree. (Pet. (Docket Entry # 1).) For the reasons set forth below, Stewart's Petition is denied for lack of subject-matter jurisdiction.

## I. BACKGROUND

    On January 15, 1992, Stewart pleaded guilty and was convicted of sexual abuse in the first degree. People v. Stewart Cottrell, 194 A.D.2d 686, 686 (2d Dep't 1993); (Pet. at 1; Resp't Letter (Docket Entry # 6) at 1.) He appealed to the New York Supreme Court, Appellate Division, Second Department, which affirmed his conviction on June 14, 1993. Stewart Cottrell, 194 A.D.2d at 686. He then sought leave to appeal to the New York Court of Appeals which was denied on August 26, 1993. People v. Stewart, 82 N.Y.2d 716, 716 (1993). He did not petition the Supreme Court for a writ of certiorari and his conviction became final ninety days later on November 22, 1993. See Fernandez v. Artuz, 402 F.3d 111, 112 (2d Cir. 2005).

1

Stewart was imprisoned from February 21, 1992 until October 28, 1993. (Resp't Letter at 1; see also Pet. at 1 ("Length of sentence: 2-4 yrs.").) "Thereafter, [Stewart] was released to the supervision of the Division of Parole, where he remained until the maximum expiration date of his sentence, February 28, 1995." (Resp't Letter at 1.) Stewart filed this Petition on August 26, 2010, but is not currently incarcerated as a result of the conviction he challenges in the Petition. (Pet. at 1; Resp't Letter at 1.) Stewart claims that he was deprived of the effective assistance of counsel in violation of the Sixth Amendment because his trial counsel failed to "properly explain[] the nature of [his] plea." (Pet.)

## II. DISCUSSION

A federal court has jurisdiction to adjudicate a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief is generally unavailable when a petitioner seeks to challenge a conviction for which he is no longer "in custody." See Lackawanna Cty. Dist. Att'y v. Coss, 532 U.S. 394, 401 (2001) ("The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'") (quoting 28 U.S.C. § 2254(a)); Maleng v. Cook, 490 U.S. 488, 492 (1989) ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."). Furthermore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires, with other limitations not relevant here, that a petitioner seek habeas relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

2

Here, it is undisputed that Stewart is no longer in confinement for the conviction that he now challenges. Consequently, the court lacks subject-matter jurisdiction to adjudicate the Petition. Even assuming that the court had jurisdiction, habeas relief would not be available because Stewart submitted the Petition well after the one-year statute of limitations imposed by AEDPA. Stewart's limited time to seek habeas relief began to run on November 22, 1993 – the date his conviction became final. See 28 U.S.C. § 2244(d)(1)(A); Fernandez, 402 F.3d at 112. The limitations period expired on November 22, 1994, nearly 16 years before he brought this Petition. Therefore, Stewart's Petition must be denied.

## III. CONCLUSION

Stewart's Petition for a writ of habeas corpus is DENIED. A certificate of appealability will not issue because Stewart has not made a substantial showing of a justiciable denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
July 28, 2011

NICHOLAS G. GARAUFIS  
United States District Judge